| | |
|---|---|
| KIRK ETTER, | ) |
|         Appellant, | ) |
| v. | ) No. 17 C 7642 |
| LLC 1 07CH12487, an Illinois limited liability company, | ) Judge Rebecca R. Pallmeyer |
|         Appellee. | ) Appeal from on Order of Bankruptcy No. 13 B 49315 |

## MEMORANDUM OPINION AND ORDER

Creditor-Appellant Kirk Etter appeals from the bankruptcy court's order dismissing a Chapter 7 bankruptcy proceeding filed by Debtor-Appellee, LLC 1 07CH12487 ("Debtor"). Debtor filed his Chapter 7 petition on December 31, 2013 and moved to dismiss it some three and a half years later. Over the objections of the Chapter 7 Trustee and the Creditor, the bankruptcy court granted that motion on October 11, 2017. As explained below, this court concludes that the bankruptcy court's findings are not sufficiently detailed to enable effective review, so the dismissal order is vacated and the case is remanded to the bankruptcy judge for further proceedings.

## BACKGROUND

This case stems from a dispute between Kirk Etter and the Debtor LLC over a mortgage note executed by a member of Debtor's managing LLC in April 2009.[1] (Motion of Debtor for Abstention and Dismissal ("Debtor's Motion to Dismiss") [BD[2] 159] ¶¶ 16–18, Ex. 4; Brief of

---

[1] The bankruptcy court made few findings of fact at its hearing on Debtor's motion to dismiss (Transcript of Hearing, September 6, 2017 ("September Transcript") [BD 228]), and no findings accompany its order dismissing the case. ([BD 215].) Therefore, this court describes the background of the case by looking to the motions and briefs of the parties.

[2] The court will refer to the original bankruptcy docket ("BD") throughout this opinion. While Creditor Appellant's briefs provide references to a numbered Record on Appeal, the record filed with this court is not numbered. His briefs also refer to some documents that

Appellant Kirk Etter in Support of Appeal from Order of the United States Bankruptcy Court ("Creditor's Brief") [20], at 4.) Creditor Etter alleges that Debtor defaulted on the note, and Creditor sued the Debtor in Lake County, Illinois on February 20, 2013, obtaining a judgment on February 18, 2014. (Creditor's Brief [20], at 4.) On learning that the Debtor had filed for Chapter 7 bankruptcy on December 31, 2013, however, the Creditor voluntarily vacated that judgment. (Transcript of Hearing, September 6, 2017 ("September Transcript") [228], at 30:11–16; Creditor's Brief [20], at 4.)

Debtor's voluntary Chapter 7 filing lists two Creditors: the City of Chicago Department of Revenue, and the City of Chicago Department of Water Management. (Chapter 7 Voluntary Petition [BD 1], Schedule D.) As reflected in later filings, it was the Village of Maywood, not the City of Chicago, that should have been named as a creditor. (Motion for Voluntary Dismissal [BD 49], at 6.) The Village moved for relief from the automatic stay in July 2015 (Motion for Relief from Automatic Stay [17]), and the court granted that relief in November 2015 so that the Village could pursue a tax deed against Debtor in state court. (Order Granting Motion for Relief from Stay [BD 37]). The Village of Maywood never filed a proof of claim with the bankruptcy court. Instead, Creditor Etter, who was not mentioned in the Chapter 7 filing, was the only party to file a proof of claim.[3] (September Transcript [BD 228], at 36:8–9 ("[O]nly one claim was on file and that's Mr. Etter's."); Creditor's Brief [20], at 8.)

---

are not listed in his Statement of Issues on Appeal and Designation of Record on Appeal [4], its supplement [21], or otherwise in front of the court. (*See, for example*, Brief of Appellant Kirk Etter in Support of Appeal from Order of the United States Bankruptcy Court ("Creditor's Brief") [20], at 4 (referring to a judgment obtained by Creditor against Debtor).)

[3] Debtor "vehemently" argues that Mr. Etter is "not a creditor." (September Transcript [BD 228], at 35:2). Trustee Reid initially objected to Etter's proof of claim at the request of Debtor because Etter "did not include a proof of disbursement of the $320,000 [loan principal] or proof that any disbursement was made to LLC 1 07CH12487." (Trustee's Objection to Claim Number 1 of Kirk Etter [BD 61] ¶ 5.) The bankruptcy never made any findings or determinations regarding this dispute, and the objection was later withdrawn following a settlement between the parties. (Order Withdrawing Objection to Claim 1 [BD 84]; Response of

During the course of the bankruptcy proceeding, Creditor Etter and Chapter 7 Trustee N. Neville Reid learned that Debtor was collecting monthly rent on property in the bankruptcy estate without turning those funds over to the estate. (Motion of Trustee for Turnover of Property of the Estate [BD 28] ¶ 3.) The court ordered Debtor, "its agents, employees, managers, and members" to "turn over all payments, rents, and transfers received . . . at any time after filing the petition for relief." (Order for Turnover [BD 30].)

Two things happened following the turnover order. First Creditor and Debtor appear to have struck a deal to dismiss the bankruptcy case. (*See* September Transcript [BD 228], 25:1–26:19.) Under that deal, the Debtor agreed, among other things, to (a) turn over half of the post-petition rent to Creditor Etter (Trustee's Reply in Support of Motion for and Order of Contempt [179], at 9; (b) seek an order directing the Trustee to abandon the Maywood property and permit the Debtor to address the tax deed issue; and (c) move for dismissal of the bankruptcy. (Response of Debtor to Trustee's Motion for an Order of Contempt [168], at 2.) That deal appears to have ultimately faltered; the Trustee did abandon the Maywood property, but Debtor failed to turn over the agreed portion of rents to Creditor Etter. (Trustee's Reply in Support of Motion for and Order of Contempt [179], at 9.) Trustee Reid's counsel explained to the court that he "tried very hard to get the debtor to comply with that deal" but was unsuccessful. (*Id.* at 26:20–21.) Thus, Trustee eventually moved the court for an order of contempt due to Debtor's failure to comply with the turnover order. (Trustee's Motion for an Order of Contempt [BD 163].)

Second, Creditor moved for, and the bankruptcy court granted, several Federal Rule of Bankruptcy 2004 Orders Authorizing Discovery of the Debtor. ([BD 93], [BD 145], [BD 146], [BD 147], [BD 148], [BD 149], [BD 157], [BD 158].) The extent to which these orders have been complied with is debated by the parties, and the court ultimately terminated them as moot. (*See* September Transcript [BD 228], at 36:22; Order Mooting Motion to Compel [BD 199].)

---

Debtor to Trustee's Motion for an Order of Contempt [168], at 2.)

Three and a half years after the voluntary bankruptcy was filed, and with no distributions ever made from the bankruptcy estate, Debtor asked the bankruptcy court to abstain from or dismiss the case. (Debtor's Motion to Dismiss [BD 159].) Debtor argued that the case is a two-party dispute not appropriate for bankruptcy court and that the court should therefore abstain from or dismiss the case pursuant to 11 U.S.C. § 305(a)(1). (Debtor's Motion to Dismiss [BD 159], at 5–6 (citing *In re Spade*, 258 B.R. 221, 231–38 (Bankr. D. Colo. 2001) ("*Spade II*").) Trustee Reid, joined by Creditor Etter, opposed Debtor's motion, arguing that Debtor sought dismissal "as a disingenuous method of avoiding compliance with [the] [c]ourt's October 20, 2015 Order for Turnover." (Trustee's Response to Motion for Abstention and Dismissal [BD 171], at 2; Order Granting Motion to Join [BD 201].) Trustee Reid also argued that the case was more than a two-party dispute and raised several policy concerns with respect to abstention in these circumstances. (*Id.* at 2–4.)

At a September 6, 2016 hearing, the bankruptcy court conditionally granted Debtor's motion to dismiss. (September Transcript [BD 228], at 44:20.) The court determined that Creditor was the only party to file a proof of claim and that the bankruptcy was a single-creditor dispute. (*Id.*, at 38:16–23.) Therefore, the court reasoned, "there is no bankruptcy purpose behind this case." (*Id.* at 40:9–10.) The court noted that Creditor is "clearly capable of pursuing its rights" against debtor in a state proceeding (*id.* at 39:22–23) and that Creditor received "information [through the Rule 2004's] . . . that he would not have been able to get under the more narrow authority of a pure lawsuit, perhaps." (*Id.* at 42:22–24.) The court terminated the pending motions to compel Debtor to turnover rent [BD 200] and to respond to pending 2004 discovery requests. ([BD 199].) The court formally entered the dismissal order on October 11, 2017. (Order Granting Motion to Dismiss Debtor [BD 215].) This appeal followed.

4

**DISCUSSION**

This court has jurisdiction over Creditor's appeal pursuant to 28 U.S.C. § 158(a)(1). A district court reviews a bankruptcy court's "determinations of law de novo and findings of fact for clear error." *Wiese v. Cmty. Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009) (citing *In re ABC-Naco, Inc.*, 483 F.3d 470, 472 (7th Cir. 2007)). "But where the bankruptcy code commits a decision to the discretion of the bankruptcy court," the district court "review[s] that decision only for an abuse of discretion." *Wiese*, 552 F.3d at 588 (citing *Matter of Fortney*, 36 F.3d 701, 707 (7th Cir. 1994)). The decision to dismiss is one committed to the bankruptcy court's discretion. *In re Bailey's Beauticians Supply Co.*, 671 F.2d 1063, 1067 (7th Cir. 1982).

That discretion is not boundless. To enable effective review, the bankruptcy court is expected to "make findings necessary to the proper exercise of its discretion." *In re Spade*, 255 B.R. 329, 333 (D. Colo. 2000) ("*Spade I*") (reversing and remanding "to the bankruptcy court for specific findings and conclusions explicating the court's exercise of discretion"). At least on the record before this court, the bankruptcy court never identified the source of its authority to dismiss. (September Transcript [BD 228]; Order Dismissing Case [BD 215].) The Creditor appears to assume that the dismissal was entered pursuant to 11 U.S.C. § 305(a)(1), which the Debtor cited in its motion to abstain or dismiss.[4] (Debtor's Motion to Dismiss [BD 159], at 5.) Assuming this is so, this court is uncertain what findings of fact and conclusions of law support dismissal under that provision. *See Spade I*, 255 B.R. at 333 ("[A] court's failure to make findings necessary to the proper exercise of its discretion is itself an abuse of discretion."). *See also In re Am. Reserve Corp.*, 841 F.2d 159, 163 (7th Cir. 1987) ("Requiring findings compels

---

[4] The court's reliance on § 305(a)(1) is far from clear. One of the few cases to which the court cites—*In re American Telecom Corp.*, 304 B.R. 867 (Bankr. N.D. Ill. 2004)— involves dismissal of a Chapter 7 case pursuant to 11 U.S.C. § 707(a). The parties in this case made no mention of that section in their briefs to the bankruptcy court.

the bankruptcy judge to focus on the appropriate criteria, and enables him to make an independent, reasoned decision. The findings also facilitate more focused, and therefore more efficient, judicial review. Without findings, a focused and efficient review becomes difficult, if not impossible.").

Section 305(a)(1) states that:

(a) The Court, after notice and a hearing, may dismiss a case under this Title, or may suspend all proceedings in a case under this title, at any time if

(1) the interests of creditors and the debtor would be better served by such dismissal or suspension.

Dismissal under this statute is "a discretionary decision to be made on a case-by-case basis" and "is considered 'an extraordinary remedy.' " *In re Int'l Zinc Coatings & Chem. Corp.*, 355 B.R. 76, 82 (Bankr. N.D. Ill. 2006) (quoting *In re Fortran Printing, Inc.*, 297 B.R. 89, 94 (Bankr. N.D. Ohio 2003)). In determining whether the remedy of dismissal is warranted, courts consider a wide range of factors. Those factors listed in the case law vary, but typically they include "(1) the presence of unsettled issues of non-bankruptcy law; (2) the availability of another forum to decide those issues; (3) economy and efficiency of administration; (4) any prejudice to the parties; and (5) the purpose of the bankruptcy." *In re Int'l Zinc*, 355 B.R. at 82 (collecting cases). *See also In re Spade*, 269 B.R. 225, 228 (D. Colo. 2001) ("*Spade II*") ("[A] bankruptcy court . . . may consider any factors it deems relevant to the determination of whether it is in the best interests of the parties to the suit to seek dismissal.") (citations omitted).

In this case, as noted, the findings and conclusions relevant to the § 305(a)(1) analysis are scant. The court's principal conclusion—that this is a single-creditor case and therefore serves no bankruptcy purpose—relates to factors (2), (3), and (5) laid out in *In re Int'l Zinc*. The court cited no authority that contemplates dismissal under § 305(a)(1) solely for lack of bankruptcy purpose, however, and offered no any additional analysis. *See, for example*, *Spade II*, 269 B.R. at 229 (explaining, in upholding a bankruptcy court's dismissal pursuant to § 305(a),

that the bankruptcy court had considered four separate factors, including the two-party nature of the bankruptcy action.)

*In re Int'l Zinc*, 355 B.R. 76, is the case that most closely supports the bankruptcy court's dismissal.[5] The court in this case cited *Zinc* for the proposition that "there must be a legitimate bankruptcy purpose and policy behind a bankruptcy case." (September Transcript [BD 228], 40:3–4.) Indeed, in *In re Int'l Zinc.*, Judge Goldgar dismissed a voluntary Chapter 7 filing pursuant to § 305(a)(1) because he concluded that the bankruptcy proceeding lacked any "legitimate bankruptcy policy or purpose." *In re Int'l Zinc*, 355 B.R. at 87. Specifically, there were multiple creditors in that case, but the Debtor was out of business and the "bankruptcy estate ha[d] no assets" to satisfy the claims against it. *Id.* at 85–86. Here, in contrast, the court offered no explanation for its conclusion that a single-creditor case similarly lacks a bankruptcy purpose, thus justifying support § 305(a)(1) dismissal.

Nor did the court in this case engage in analysis of the question whether dismissal would be in the interest of both Debtor and Creditor. *Cf. In re Int'l Zinc.*, 355 B.R. at 88 (making a finding, required by the text of § 305(a) that "the interests of all parties will be better served if this case is dismissed"). Instead, the court here noted simply that Creditor Etter appears to be capable of pursuing Debtor in state court and will benefit from the discovery obtained from the

---

[5] Indeed, it appears that *In re Int'l Zinc* is the only case that could possibly support the court's decision to dismiss. The transcript shows that the court cites "*Tachnet* (phonetic)," which this court is unable to locate, (September Transcript [BD 228], at 42:5), and *In re American Telecom Corp.*, 304 B.R. 867 (Bankr. N.D. Ill. 2004). That latter case deals with the dismissal of a debtor's voluntary Chapter 7 filing pursuant to 11 U.S.C. § 707(a) because the court determined the bankruptcy was filed in bad faith. Perhaps the bankruptcy court in this case intended to dismiss pursuant to § 707(a), but it has provided no analysis under that statute, either. Nor did the bankruptcy judge cite or distinguish any of the case law cited by Debtor in support of its motion to dismiss. ([BD 159].) Though the court referred to *In re J & R Trucking, Inc.*, 431 B.R. 818 (Bankr. N.D. Ind. 2010) (citing *Matter of Vitreous Steel Products, Co.*, 911 F.2d 1223 (7th Cir. 1990)) in discussing its Rule 2004 Orders (*see* September Transcript [BD 228], at 22:10, 41:21), he mentioned just one case cited by the Trustee in opposition to the motion to dismiss ([BD 171])—*In re Int'l Zinc*.

7

Chapter 7 process. The court need not find "that the interests of both debtor and creditors [are] *equally* served" by dismissal under § 305(a)(1), but some analysis of both parties' interests is required by the text of the statute. *See In re Dash*, No. 91 A 1090, 1993 WL 169272, at *1 (N.D. Ill. May 18, 1993)).

## **CONCLUSION**

Dismissal of the bankruptcy proceeding is vacated, and this case is remanded for specific findings and conclusions permitting dismissal under the Bankruptcy Code, or for further proceedings.

ENTER:

Dated: September 30, 2018

REBECCA R. PALLMEYER
United States District Judge